118 A.3d 345

IN THE MATTER OF DARYLL B. JONES, AN ATTORNEY
AT LAW (ATTORNEY NO. 025241992).

June 26, 2015.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 14–263, concluding that as a matter of reciprocal discipline pursuant to *Rule* 1:20–14, **DARYLL B. JONES** of **JAMAICA, NEW YORK,** who was admitted to the bar of this State in 1992, should be suspended from the practice of law for a prospective period of six months based on discipline (five-year suspension) imposed in New York for conduct that in New Jersey violates *RPC* 1.15(a) (failure to safeguard client funds), and *RPC* 1.15(d) (recordkeeping violations);

And the Disciplinary Review Board having further concluded that prior to reinstatement to the practice of law, respondent should be required to complete fifteen hours of continuing legal education (CLE) courses in trust accounting, and that following reinstatement and for a period of two years, respondent should be required to submit to the Office of Attorney Ethics monthly reconciliations of his attorney accounts on a quarterly basis, prepared by an accountant approved by the Office of Attorney Ethics;

And the Court having determined from its review of the matter that a five-year term of suspension is the appropriate quantum of discipline for respondent's unethical conduct, and that the suspension should be retroactive to the date of the discipline imposed in New York;

And the Court having further determined that in addition to the conditions determined by the Disciplinary Review Board to be warranted, respondent should not be reinstated to the practice of law in New Jersey unless and until he is reinstated to practice in New York;

And good cause appearing;

It is ORDERED that **DARYLL B. JONES** is suspended from the practice of law for a period of five years, retroactive to May 1, 2008, and until the further Order of the Court; and it is further

ORDERED that respondent shall not apply for reinstatement in New Jersey until he is reinstated to practice in New York; and it is further

ORDERED that prior to reinstatement to practice, respondent shall successfully complete fifteen hours of courses in trust accounting approved by the Office of Attorney Ethics and shall submit proof of his satisfactory completion thereof to the Office of Attorney Ethics; and it is further

ORDERED that following reinstatement to practice in this State, respondent shall submit to the Office of Attorney Ethics monthly reconciliations of his attorney accounts on a quarterly basis, prepared by an accountant approved by the Office of Attorney Ethics, for a period of two years and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to, *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review

Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.